IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20CR842 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE BENITA Y. PEARSON |
| vs. | : | |
| | : | |
| THOMAS COLLINS, | : | |
| | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

Defendant Thomas Collins, through counsel, submits the following Sentencing Memorandum to address some outstanding items from the Presentence Investigation Report (PSR) and outline some of the reasons for the sentence he requests the Court consider imposing in his case.

**Presentence Investigation Report**

The two outstanding items in the report relate to the applicability of a role enhancement under U.S.S.G. § 3B1.1 and the appropriate Criminal History Category to be used in this case.

1. *Role Enhancement under U.S.S.G. § 3B1.1*

The following is the objection we submitted to the Probation Officer on this issue:

Para 57-We object to the application of the organizer/leader enhancement. Mr. Collins did not direct the activities of five or more criminally responsible individuals.  Application Note 4 states that one of the factors to consider is "the claimed right to a larger share of the fruits of the crime." The Indictment in this case notes that Mr. Collins shared the proceeds with others including Defendants Thomas and Paulson. (*See* Indictment, Doc #21 Para. 32). Yet, this enhancement is not being applied to either Thomas (*See* Thomas Plea Agreement, Doc # 191) or Paulson (*See* Paulson Plea Agreement, Doc # 186). This is even more notable given the fact that Defendant Thomas caused almost $800,000 in loss more than Mr. Collins (*See* PSR Para 37) and that Defendant Paulson controlled the company at issue here for four years before Mr. Collins became involved in this case. The Indictment spells out the roles and activities of all

Defendants and nowhere does it state that Mr. Collins had more decision-making authority than anyone else. (*See e.g.*, Indictment, Doc #21 Para. 28-37-(Roles in the Offense) and 61 (Manner and Means). Almost each allegation entails Collins working equally with Defendants Thomas and Paulson.

In addition, Application Note 1 to this enhancement states that an undercover law enforcement officer is not "participant" for purposes of this enhancement. The vast majority of the promotional activity at issue in the investigation of Mr. Collins entailed the extensive involvement of two undercover agents, identified as UCE-1 and UCE-2 in the Criminal Complaint which initiated the case against Mr. Collins (*See* Criminal Complaint and Affidavit, Doc #1 and 1-1, 1:20CR842). This conduct cannot be used in determining the applicability of the enhancement given the involvement of undercover agents.

In this case, it is true that Mr. Collins was involved in operating the underlying business, Hemp Hazed. "However, "[m]erely playing an essential role in the offense is not equivalent to exercising managerial control over other participants[.]" *U.S. v.Vandeberg*, 201 F.3d 805, 811." (6th Cir. 2000). "In determining whether a defendant qualifies as a leader, organizer, manager, or supervisor, a trial court should consider a number of factors, including but not limited to the defendant's exercise of decision-making authority, any recruitment of accomplices, "the claimed right to a larger share of the fruits of the crime," the degree of participation in planning the offense, and the degree of control the defendant exercised over others." *Id. (citing* U.S.S.G. § 3B1.1, Commentary, Application Note 4). The government bears the burden of proving that the enhancement applies by a preponderance of the evidence. *Id. (citing United States v. Martinez*, 181 F.3d 794, 797 (6th Cir. 1999)).

With this in mind, it is worth noting that: 1) Mr. Collins had no claimed right to more funds than others; 2) he had no decision-making authority over others (in fact, one of the UCEs directed the timing of press releases); and 3) following his arrest, some of the other co-defendants are recorded referring to Mr. Collins him as the government snitch and threatening to kill him. In those same recordings, they also discuss multiple other companies and promotions

that had nothing to do with Mr. Collins (demonstrating, as with GBEN, the company at issue in this case, they needed no guidance from him). The public "shell" company at issue in this case was owned for 4 years by a different defendant before Tom got involved.

2. *Criminal History Category*

Mr. Collins is scored as a Criminal History Category II based on an offense that is almost outside of the applicable fifteen-year time period and has nothing to do with the type of conduct which brings him before this Court. The case, noted at ¶ 66 of the PSR, dates from 2002 and involved possession of personal use quantities of a controlled substance.  Because of a positive drug test, Tom's probation was revoked, and he served 18 months in custody; it is this portion of that case which causes it to be scored in the PSR.  If anything, it demonstrates his struggles with addiction, not a severe criminal record worthy of an enhanced Sentencing Guideline range.  This offense was not scored in the First Disclosure of the PSR, so this was not submitted as an objection prior to this filing.  We ask the Court to grant Mr. Collins him a downward variance or a downward departure, pursuant to U.S.S.G. § 4A1.3, because his Criminal History Category II designation does not accurately represent the severity of his record.

As set forth in the Sentencing Guidelines, a district judge may grant a downward departure under U.S.S.G. § 4A1.3(b)(1) "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *United States v. Johnson*, 553 F.3d 990 (6th Cir. 2009); *United States v. Berry*, 290 F. App'x 784 (6th Cir. 2008). In making this determination, the district court can consider the types of prior convictions, the age of the convictions, and signs of rehabilitation. *United*

*States v. Orozco-Torres*, 318 F. App'x 328, 336 (6th Cir. 2008) (citing *United States v. Fletcher*, 15 F.3d 553, 557 (6th Cir. 1994)). Given the facts noted above, a downward variance or departure pursuant to U.S.S.G. § 4A1.3 is warranted, and we request that Mr. Collins be sentenced as a Criminal History Category I.

**Other Considerations for Sentencing**

As noted in the PSR, Tom is a dedicated husband and father who, among other things, takes great care of his autistic son, Ethan. *See, e.g.,* ¶¶ 72 and 83 of the PSR.  Members of Tom's family have written letters of support.  Some are addressed to the Court directly and some are addressed indirectly to Tom himself.

Mr. Collins has struggled with addiction to both drugs and alcohol his entire adult life, even resulting in the case discussed above. *See* ¶¶ 88-90 of the PSR.  We would request the Court to recommend him for the Residential Drug Abuse Program (RDAP) at his designated Bureau of Prisons facility.

Finally, we would ask the Court to consider the length of time Mr. Collins has spent on Pretrial Supervision during the pendency of this case. Mr. Collins was arrested over two years ago and has been on supervision ever since. He has complied with all Court ordered conditions. ¶ 13 of the PSR.  During this time, his liberty has been restricted and his connection with the outside community extremely limited.  Mr. Collins expressed early on a desire to resolve this case and mitigate his actions. The uncertainty and delays due to the ongoing pandemic were themselves a form of punishment.

For the foregoing reasons, we would ask the Court to sustain the objection to the Guideline issue regarding the role enhancement, sentence Mr. Collins as a Criminal History

Category I and consider the other items mentioned in this Memorandum when deciding the sentence to be imposed.  We would also request the Court to recommend his sentence be served at FCI Texarkana or FCI Bastrop.

                Respectfully submitted,

                */s/Justin J. Roberts*
                Justin J. Roberts
                Ohio Bar: 0086168
                J. Roberts, LLC
                Fifth Third Building, Suite 1300
                600 Superior Avenue
                Cleveland, OH 44114
                (216) 417-2114
                E-mail: justin.roberts@jrobertslegal.com
                (Counsel for Defendant Thomas Collins)

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

>  */s/Justin J. Roberts*
>  JUSTIN J. ROBERTS (#0086168)
>  J. Roberts, LLC